# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE MARCUS FOSTER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1157 JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

Clarence Foster moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He argues that the Court incorrectly sentenced him as an Armed Career Criminal and that the Court should resentence him. The motion is barred by the limitations period, and it is denied.

Foster pled guilty to one count of possession with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a). On January 25, 2008, the Court sentenced him as a Career Offender in accordance with Section 4B1.1 of the United States Sentencing Guidelines to fifteen years' imprisonment and ten years of supervised release.

Foster maintains that this action is timely filed under 28 U.S.C. § 2255(f)(3), which allows a prisoner to file a motion to vacate within one year from "the date on which [a constitutional] right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Foster argues that the Court incorrectly sentenced him under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), in violation of the recent decision of the United States

Supreme Court in *Descamps v. United States*, --- U.S. ---, 133 S.Ct. 2276 (2013). In *Descamps*, the Court held that sentencing courts may not apply the modified categorical approach to sentencing under ACCA when the crime of which the defendant was convicted has a single, indivisible set of elements.

Foster is mistaken. The Court did not sentence him under the ACCA. Rather, he was sentenced a Career Offender. No finding was made that he was convicted of three prior crimes of violence. "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. 4B1.1(a). His convictions for second degree burglary in St. Louis and for possession of a hallucinogenic with intent to distribute in Kansas City qualified him for Career Offender status. *Descamps* has no application to Foster's sentence.

Moreover, no court has found that *Descamps* applies retroactively. *E.g., Lapsley v. United States*, 2015 WL 317222 (Slip Op. January 26, 2015) (collecting cases). Even if *Descamps* were available retroactively, this action would still be untimely because *Descamps* was decided more than one year before Foster filed this action.

Foster also argues that his conditions of supervised release should be modified because they are ambiguous. The Court will not do so. If he has questions about how they apply, he should speak to his probation officer.

Finally, Foster has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d

783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Foster's motion to vacate, set aside, or correct sentence is **DENIED**, and this action is **DISMISSED**.

An Order of Dismissal will be filed separately.

Dated this 10th day of August, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE